**HERSBERGER et, Appellants, v. OHIO AVIATION BOARD, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4363.   Decided February 28, 1950.

Flynn, Py & Kruse, Sandusky, Adams, Rapp & McCann, Columbus, for appellants.

Hon. Herbert S. Duffy, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Columbus, Miss Geraldine Larkin, former Counsel for the Village of Kelley's Island, for appellee.

### OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court affirming an order of the Ohio Aviation Board granting to the municipality of Kelley's Island a certificate for the use of a landing field within its borders for commercial airplane purposes.

The record discloses that the appellants herein, Milton Hersberger and Air Tours, Inc., of which Mr. Hersberger is president, were the only objectors to the issuance of the permit, and that Mr. Hersberger owns and operates an airport only a few hundred feet south of the proposed village airport.

Two errors are assigned, to wit, (1) The judgment of the Court of Common Pleas is not sustained by the evidence; (2) The judgment is contrary to law.

The Common Pleas Court found, and we think properly so, that there was substantial evidence in the record to support the conclusions of the Board and therefore there was no abuse of discretion. In the public hearings before the Board there was a wide conflict in the evidence as to the hazardous conditions that would result from the proximity of the two airports. There was also a conflict, more evenly divided, however, in the evidence as to the need of the proposed airport. Each of these, however, was a factual question which could be resolved only by the Ohio Aviation Board. **Farrand v. State Medical Board, 151 Oh St 222.** We therefore find no merit in this first assignment.

The second assignment raises the question as to the legality of the procedure before the Board. It is based upon the ground that the ordinance or resolution authorizing the municipality to apply for the permit was not properly promulgated or adopted. The appellants are contending that the application submitted to the Board by the village mayor, Paul M. Beltz, was filed without authorization by the council and therefore the Board erred in giving it any consideration. The record discloses that no authorization was given by ordinance or resolution for the filing of the application in the first instance, but several months thereafter a resolution was adopted confirming the act of the mayor in filing the application. This resolution is urged as being contrary to law in that it was not published in accordance with §4227 and §4232 GC. The Board held that upon reexamination of the application it was found to be regular upon its face; that if there was no legislation authorizing such application or if legislation purporting to authorize the same is deficient it believed that any party objecting had a complete remedy in the courts; that in any event it would be beyond its power to pass upon the sufficiency and validity of the village ordinance. We believe this reasoning to be sound and logical. As was said by Turner, J., in the Farrand case, supra, the purpose of administrative hearings in particular fields was for the determination of facts by men equipped with the necessary knowledge and experience therein. **Sec. 6310-39 GC** requires that all members of the Board have knowledge and practical experience in aviation. They are therefore not always qualified to pass upon legal questions. The granting of the permit authorized its use when properly approved by the municipality. If the airport has not been legally created,

there certainly is a legal remedy to prevent its use as such. Likewise, if the application for a permit has been illegally made the same remedy would exist.

Although this question is not properly before us it would seem that the village council may still ratify the unauthorized act, if it was such, at this late date. In **State of Ohio v. Buttles, 3 Oh St 309,** Ranney, J., said at page 322:

"'* * * When the agents of the state exceeded their authority, the state had its option to ratify their acts or repudiate the contract they had made in its name; * * *. If the state could have lawfully made the contract at the time and under the circumstances it was made, it could lawfully adopt the one made in its name by those who assumed to act as its agents. * * *'"

On page 323, Judge Ranney said:

"In short, any contract that an individual, or body corporate or politic, may lawfully make, they may lawfully ratify and adopt, when made in their name without authority; and when adopted, it has its effect from the time it was made, and the same effect as though no agent had intervened. * * *'"

It is therefore our conclusion that the trial court properly held that the ruling of the Board was not contrary to law, and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.